1   Amy Lynn Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C.
2   30 East Butler Pike
3   Ambler, PA 19002
    Telephone: 215-540-8888 x167
4   Facsimile: 215-540-8817
5   teamkimmel@creditlaw.com
    Attorney for Plaintiff
6

7
                **UNITED STATES DISTRICT COURT**
8           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9                                      )   **Case No.: 2:20-cv-11796**
10  **PAMELA SMITH,**                  )
                                       )   **COMPLAINT FOR DAMAGES**
11          **Plaintiff,**             )   **1. VIOLATION OF THE**
                                       )   **TELEPHONE CONSUMER**
12                                     )   **PROTECTION ACT, 47 U.S.C. §**
       **v.**                          )   **227, ET. SEQ.**
13                                     )
    **MARKETINGLABS, LLC D/B/A**       )
14  **MIDWEEKPAY.COM,**                )   **JURY TRIAL DEMANDED**
                                       )
15          **Defendant.**             )
16  _____       )

17

18
                        **COMPLAINT**
19
        **Pamela Smith** (Plaintiff), by and through his attorneys, **Kimmel &**
20
21  **Silverman, P.C.**, alleges the following against **Marketinglabs, LLC d/b/a**

22  **Midweekpay.com** (Defendant):

23

24

25

26

27                          - 1 -
                    PLAINTIFF'S COMPLAINT
28

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendant as it conducts business in California.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Los Angeles, CA 90059.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254.

PLAINTIFF'S COMPLAINT

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Defendant repeatedly transmitted text messages to Plaintiff on her cellular telephone number on a repetitive and continuous basis for solicitation purposes.

12.     Defendant placed these text messages using an automatic telephone dialing system.

13.     Plaintiff did not consent to these text messages.

14.     Defendant's text messages were not made for "emergency purposes."

15.     Plaintiff has been on the Do Not Call Registry since February of 2017.

16.     Defendant also knew its text messages were unwanted as Plaintiff told Defendant to stop texting, therefore, all texts could have only been made solely for purposes of harassment.

17.     Defendant's incessant text messages were bothersome, disruptive and frustrating for Plaintiff to endure.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

21.     Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009).

22.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23.     The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

24.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

25.     Defendant's calls were not made for "emergency purposes."

26.     Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

27.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February of 2017.

28.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

31.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February of 2017.

34.     Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Pamela Smith,** respectfully prays for judgment as follows:

a.   All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.   Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.   Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.   Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.   Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

PLAINTIFF'S COMPLAINT

f.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and

(c); and

g.  Any other relief this Honorable Court deems appropriate.\

Respectfully submitted,

Dated: 12/31/2020                    By: */s/ Amy L. Bennecoff Ginsburg*
                                     Amy L. Bennecoff Ginsburg, Esq.
                                     Kimmel & Silverman, P.C.
                                     30 East Butler Pike
                                     Ambler, PA 19002
                                     Phone: 215-540-8888 x167
                                     Facsimile: 877-788-2864
                                     Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT